UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEGGY JOHNSON, as Personal Representative of the Estate of JIMI LEE JOHNSON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MASON COUNTY, a political subdivision of the State of Washington; TOM HAUGEN, in his official capacity; and JOHN DOES 1-5,<br><br>Defendants. | NO.<br><br>**COMPLAINT** |

COMES NOW the above-named Plaintiff, by and through her attorneys of record, Gabriel S. Galanda and Ryan D. Dreveskracht, of Galanda Broadman, PLLC, and by way of claim alleges upon personal knowledge as to herself and her own actions, and upon information and belief upon all other matters, as follows:

**I.   PARTIES**

1.   Defendant MASON COUNTY (hereinafter "Mason") is a political subdivision of the State of Washington.  Mason has various departments including but not limited to the Mason County Sheriff's Office and its Corrections Division, which operates the jail, and the Mason County Coroner's Office.

COMPLAINT - 1

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

2. Defendant TOM HAUGEN (hereinafter "Haugen") is the administrator who supervises the Mason County Jail, and is therefore responsible for ensuring the presence and implementing of proper policies, procedures, and training.

3. JOHN DOES 1 – 5 (hereinafter "Defendants Doe") are employees and/or agents of Mason County. Each John Doe was within the scope of his/her employment at all times relevant hereto. It is believed most, if not all, of the John Does are residents of Mason County. Their identities are unknown at this time and will be named as discovery progresses.

4. When used herein after, the term "Defendants Mason" refers to Defendants Mason County, Haugen, and Doe, collectively.

5. Plaintiff PEGGY JOHNSON is the duly-appointed Personal Representative of the Estate of her grandson, JIMI LEE JOHNSON, who was an enrolled Skokomish Tribal member, but is now deceased. Ms. Johnson, an enrolled member of the Skokomish Indian Tribe, brings all claims available to the Estate of Mr. Johnson and all beneficiaries under state and federal law.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant MASON COUNTY is situated in this judicial district and because a substantial portion of the events and omissions giving rise to this claim occurred in Mason County, Washington, within the Western District of Washington.

## III. STATUTORY COMPLIANCE

8. On or about August 6, 2014, Plaintiff filed an administrative claim for damages with Mason County and otherwise satisfied the prerequisites to the maintenance of this action per Wash. Rev. Code § 4.96.020.

COMPLAINT - 2

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## IV.     STATEMENT OF FACTS

9. Many of the people who spend time in jails and prisons will require medical care and treatment, including mental health treatment, medication, and suicide prevention services. Because they are incarcerated, and not free to leave the facility to obtain such care on their own, those who operate jails and prisons have an obligation to provide any and all reasonably-necessary medical and psychiatric care and treatment.

10. This obligation is known and understood by reasonably prudent jail administrators and operators.

11. In Washington, it is known and understood by reasonable jail administrators that the quality of medical care must be the same as what would be provided in the outside community.

12. Defendants Mason have not been meeting this obligation and have instead callously disregarded the needs, and rights, of the people in the Mason County Jail.

13. Defendants Mason have maintained policies, customs, and procedures that were unconstitutional and fell far below the quality of care known and understood by reasonable and prudent jail administrators and operators, in that Defendants Mason have:

   a. failed to adequately train officers and employees in suicide prevention;

   b. failed to train officers and employees suicide prevention policies and procedures;

   c. failed to train officers and employees to properly monitor detainees;

   d. failed to train officers and employees to properly identify and monitor at-risk detainees;

   e. failed to train officers and employees to detect dangerous items on detainees' person and in cells;

COMPLAINT - 3

    f. failed to train officers and employees in in-take procedure;

    g. failed to enforce policies and procedures for suicide prevention, including, but not limited to, policies and procedures for prisoner in-take, confiscation of dangerous items from prisoners, and monitoring of prisoners;

    h. failed to enforce the aforesaid policies and procedures by disciplining officers and employees or by other means;

    i. caused, permitted, and allowed a custom and practice of continued and persistent deviations from policies and procedures;

    j. maintained inadequate suicide prevention policies and procedures which, failed to identify and/or monitor at-risk detainees;

    k. maintained inadequate in-take policies and procedures, which failed to identify at-risk detainees, permitted dangerous items to remain with detainees, and failed to identify and monitor prescription medication;

    l. maintained inadequate monitoring system of detainees; and

    m. failed to adequately staff the jail facility;

all of which amounts to deliberate indifference to the known and/or obvious risk of suicide and serious medical needs of at-risk detainees, including Mr. Johnson.

  14. Defendants are not even trying; they have been negligent, grossly negligent, and have showed deliberate indifference to the medical needs of the inmates at the Mason County jail. This includes, again, failing to have and follow proper training, policies, and procedures for the care and treatment of people in the jail. It also includes a cold-hearted attitude on the part of staff, who ignore medical problems as they present and who turn a blind eye and a deaf ear to people who have serious medical problems.

COMPLAINT - 4

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    15.    Mr. Johnson suffered from schizophrenia and other mental illness. He was hospitalized numerous times at the Olympia Behavior Hospital and the Mason County Hospital, often times with the assistance of Defendants Mason.

16.    On New Years Eve of 2012, Mr. Johnson attempted to commit suicide. His grandmother came home to find him grasping for life. She immediately called Mason County emergency medical services, which saved his life.

17.    Later on New Years Eve of 2012, Defendants Mason came to the home of Mr. Johnson's grandmother to investigate the apparent suicide attempt. They found a suicide note and confiscated it as evidence.

18.    At this time Defendants Mason had been searching for Mr. Johnson for some time. Apparently, he had a warrant out for his arrest. At the hospital, while Mr. Johnson was healing from his suicide attempt, Defendants Mason placed Mr. Johnson under arrest. As soon as medical staff would allow, Defendants took Mr. Johnson into custody and booked him into the Mason County Jail.

19.    Despite Mr. Johnson's known condition, Mr. Johnson was not on "suicide watch" or placed in one of Mason County's "suicide cells," which are equipped with video surveillance and would have prevented Mr. Johnson's death.

20.    Despite Mr. Johnson's known condition, Mr. Johnson was not even placed in general population. Instead, Mr. Johnson was housed alone, a circumstance known and understood by reasonable and prudent jail administrators and operators to incite suicidal tendencies and thoughts.

21.    Prior to his death, Mr. Johnson was experiencing severe medical and psychiatric problems. This was known to Defendants Mason.

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

22. Prior to his death, Mr. Johnson had refused psychiatric medication. This was known to Defendants Mason.

23. Basic medical or psychiatric screening was mandatory under these circumstances, and such screening would have immediately revealed Mr. Johnson's dire need for medical help.

24. Ignored and shunned by the jail staff, Mr. Johnson's condition deteriorated to a state of indescribable agony and desperation. He took his own life as a result. Mr. Johnson's death was imminently foreseeable and would have been easily prevented if the most basic medical and/or psychiatric care and/or monitoring had been administered.

25. The staff and administrators at Mason County, including the Defendants herein, had actual knowledge of Mr. Johnson's deteriorating condition, yet they did nothing in response. No care or treatment was provided, despite specific requests.

26. The staff and administrators at Mason County, including the Defendants herein, have admitted that they were familiar with Mr. Johnson and his needs, yet they did nothing in response.

27. Indeed, in correspondence confiscated by Defendants Mason shortly before his death, Mr. Johnson states "I feel close to death" and that he has a "life fulla [sic] pain." Defendants Mason knew of this cry for help, yet they did nothing in response.

28. Upon hearing of Mr. Johnson's death, one Mason County officer stated, "I realize that . . . Mr. Johnson is not one of society's best citizens, but still, he's still a human being. And he was in my jailhouse. Okay, and let's just leave it at that, okay?"

29. Fearing for her grandson's life, knowing that he was suicidal and was likely not receiving the medication that he needed, Mr. Johnson's grandmother attended every hearing that she was allowed to and visited him at least sixteen times. At Mr. Johnson's last hearing, his grandmother was sitting behind him in court and "knew he was bad." His demeanor had

COMPLAINT - 6

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

deteriorated and he appeared hopeless. Mr. Johnson's grandmother spoke with the Mason County employee keeping watch at the hearing and informed him of her fears that Mr. Johnson "might suicide in jail." The Mason County employee told her to "talk to his attorney."

30. On April 22, Mr. Johnson's grandmother called Defendants Mason to warn them, too, of Mr. Johnson's condition. She informed Defendants Mason that Mr. Johnson needed to be watched and that she was "scared that he would suicide." Defendants Mason told her to call Mr. Johnson's attorney.

31. Despite knowing that he needed medical attention, Defendants Mason failed to provide reasonably necessary care and treatment to Mr. Johnson, until he took his own life on April 23, 2013. This constituted negligence and deliberate indifference by Defendants Mason.

32. Although suicide is a known problem amongst jail and prison inmates, Defendants failed to have or follow proper policies for suicide screening and prevention.

33. The problem of suicidality is worsened where, as in the Mason County Jail, inmates are denied access to basic medical and psychological care and are prevented from receiving treatment for their health problems (including the horrendous withdrawal symptoms that accompany detoxification). Such denials are tantamount to torture and make suicide seem like an appealing alternative.

34. Preliminary investigation shows that Mason County Jail engages in a pattern and practice of denying necessary treatment to inmates to avoid paying the costs of inmates' medical care. This includes, but is not limited to, willfully ignoring the withdrawal protocols that the jail claims to have adopted.

35. The aforesaid acts and omissions of Defendants Mason deprived him of his right to be free from punishment and to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution; directly caused and/or directly contributed to his

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

pain, suffering, and a general decline of his quality of life; directly caused and/or directly contributed to cause his death; directly caused and/or directly contributed to cause his family to suffer loss of services, companionship, comfort, instruction, guidance, counsel, training, and support; and directly caused and/or directly contributed to cause his family to suffer pecuniary losses, including but not limited to medical and funeral expenses.

36. Prior to death, Mr. Johnson suffered extreme terror, humiliation, anxiety, physical pain and suffering, and emotional distress.

37. Jimi Johnson's death was completely unnecessary and could have been easily prevented via provision of even the most basic medical care and treatment.

## V. FIRST CAUSE OF ACTION – NEGLIGENCE

38. Defendants Mason had a nondelegable duty to care for inmates and provide reasonable medical and psychiatric care.

39. This duty extends to foreseeable self-inflicted harms and includes protecting inmates against suicide.

40. This duty exists because prisoners, by virtue of incarceration, are unable to obtain medical and psychiatric care for themselves.

41. Defendants Mason breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the assessment of persons with apparent medical and psychiatric needs.

42. Defendants Mason breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the provision of reasonable and necessary medical and psychiatric care and treatment to inmates.

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

43. Defendants Mason breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the care of persons going through withdrawal following use of controlled substances.

44. Defendants Mason breached that duty, and were negligent, when they failed to ensure adequate and proper medical staffing at the jail.

45. Defendants Mason breached that duty, and were negligent, when they failed to ensure that Mr. Johnson was properly supervised.

46. Defendants Mason breached that duty, and were negligent, when they failed to ensure that Mr. Johnson received adequate medication.

47. Defendants Cowlitz breached that duty, and were negligent, when they failed to properly assess and treat Mr. Johnson prior to his death.

48. As a direct and proximate result of the breaches, failures, and negligence of Defendants Mason, as described above and in other respects as well, Mr. Johnson committed suicide. He also suffered unimaginable pre-death pain, suffering, embarrassment, and terror.

49. As a direct and proximate result of the breaches, failures, and negligence of Defendants Mason, as described above and in other respects as well, Plaintiff, his Estate, and its beneficiaries have incurred and will continue to incur general and special damages in an amount to be proven at trial.

### VI. SECOND CAUSE OF ACTION – 42 U.S.C. § 1983

50. The acts and failure to act described above were done under color of law and are in violation of 42 U.S.C. § 1983, depriving Jimi Johnson of his civil rights.

51. Defendants Mason knew of and disregarded the excessive risk to inmate health and safety caused by their failure to have and follow proper training, policies, and procedures.

COMPLAINT - 9

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

52. Defendants Mason had a policy of denying treatment; that policy posed a substantial risk of serious harm to the inmates in the jail, including Mr. Johnson, and Defendants Mason knew that its policy posed this risk.

53. Defendants Mason knew of and disregarded the excessive risk to inmate health and safety caused by their failure to provide reasonable and necessary medical care and treatment.

54. Defendants Mason knew of and disregarded the excessive risk to inmate health and safety caused by their failure to have and follow polices and procedures for suicide screening and prevention.

55. Defendants Mason displayed deliberate indifference when they ignored Mr. Johnson's symptoms and related pleas for help and refused to provide him with any treatment.

56. This callousness reflects a custom, pattern, and/or policy wherein the jail either intentionally violated or was deliberately indifferent to the health, welfare, and civil rights of Mr. Johnson and his fellow inmates.

57. As a direct and proximate result of the deliberate indifference of Defendants Mason, as described above and in other respects as well, Jimi Johnson died a terrible and easily-preventable death. He suffered pre-death pain, suffering, anxiety, and terror, before being asphyxiated and leaving behind a loving family.

58. Defendants Mason have shown reckless and careless disregard and indifference to inmates' rights and safety, and are therefore subject to an award of punitive damages to deter such conduct in the future.

## VII.   JURY DEMAND

59. Plaintiff hereby demands a jury.

COMPLAINT - 10

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

<35><35>

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants MASON COUNTY, TOM HAUGEN, and JOHN DOES 1 - 5:

(a) Fashioning an appropriate remedy and awarding general, special, and punitive damages, including damages for pain, suffering, terror, and loss of consortium, under Washington State law and pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

(b) Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(c) Declaring the defendants jointly and severally liable;

(d) Awarding any and all applicable interest on the judgment; and

(e) Awarding such other and further relief as the Court deems just and proper.

DATED this 17th day of October, 2014.

GALANDA BROADMAN, PLLC

s/Gabriel S. Galanda
Gabriel S. Galanda, WSBA #30331
s/Ryan D. Dreveskracht
Ryan D. Dreveskracht, WSBA #42593
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: ryan@galandabroadman.com

COMPLAINT - 11

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509